**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

NEW CAM COMMERCE SOLUTIONS,
LLC, d/b/a CAM COMMERCE
SOLUTIONS,

      Plaintiff,

v.                               Case No. 6:13-cv-334-Orl-37TBS

RETAIL AUTOMATION SOLUTIONS,
LLC, d/b/a POSKARMA; KEITH
SANDERSON; DIANNE MCGEE;
ROBERT MACKENZIE; LORI
FAMULARO; and JOHN DOES 1–10,

      Defendants.

**ORDER GRANTING PRELIMINARY INJUNCTION**

This cause is before the Court on the following:

1. Plaintiff's Motion for Preliminary Injunction and Memorandum of Law in Support (Doc. 7), filed March 16, 2013;

2. Defendants Retail Automation Solutions, LLC and Keith Sanderson's Response in Opposition to Plaintiff's Motion for Preliminary Injunction and Memorandum of Law in Support (Doc. 34), filed April 22, 2013;

3. Plaintiff's Reply to RAS Defendants' Response in Opposition to Motion for Preliminary Injunction (Doc. 35), filed April 29, 2013;

4. Stipulation and Joint Motion for Entry of Agreed Order Granting Preliminary Injunction as to Defendants Retail Automation Solutions, LLC and Keith Sanderson (Doc. 48), filed June 13, 2013;

5. Order to Show Cause (Doc. 49), filed June 14, 2013; and

6. Joint Report in Response to Order to Show Cause (Doc. 51), filed June 28, 2013.

Plaintiff, the owner and developer of POS software, has asked this Court for a preliminary injunction to stop Defendants from: (1) using Plaintiff's mark; (2) engaging in conduct likely to induce the mistaken impression that Defendants are affiliated with Plaintiff; (3) infringing Plaintiff's copyrights; and (4) using Plaintiff's confidential information and trade secrets, including customer information. (Doc. 7, pp. 1–2.) This matter was fully briefed and the Court held a hearing on the issue. (Doc. 45.)

At the hearing, the parties represented that all of the individual Defendants except Keith Sanderson have stipulated to permanent injunctions against them. (*See* Docs. 39, 44, 46.) The parties also represented that they were likely to come to an accord as to Sanderson and Defendant Retail Automation Solutions ("RAS"), as well. (*See* Doc. 45.) Thereafter, the parties filed a stipulated preliminary injunction as to Sanderson and RAS. (Doc. 48.) However, in response to the Court's show cause order, the parties state that they have not yet reached a resolution regarding a permanent injunction as to Sanderson and RAS, though they are working towards one. (Doc. 51.)

In light of the record and the parties' agreement, the Court finds that the requirements for preliminary injunctive relief have been met. The parties' joint motion for preliminary injunction against Sanderson and RAS is therefore due to be granted.[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Order to Show Cause (Doc. 49) is **DISCHARGED**.

---

[1] As the Court previously stated, the Court is disinclined to enter piecemeal permanent injunctions against certain Defendants while leaving claims against others outstanding. (*See* Doc. 49.) Thus, the Court will only enter permanent injunctions against the other Defendants once the claims against Sanderson and RAS are otherwise fully resolved.

2. Plaintiff's Motion for Preliminary Injunction and Memorandum of Law in Support (Doc. 7) and Stipulation and Joint Motion for Entry of Agreed Order Granting Preliminary Injunction as to Defendants Retail Automation Solutions, LLC and Keith Sanderson (Doc. 48) are **GRANTED**.

3. Effective immediately and until further order of the Court, Defendants Keith Sanderson and Retail Automation Solutions are preliminarily **RESTRAINED AND ENJOINED** from:

   a. Using Plaintiff's "Retail Star" mark (Federal Registration No. 2452412) or any similar mark or variant thereof that is confusingly similar to the "Retail Star" mark or gives rise to a likelihood of confusion, mistake, or deception with respect to the mark;

   b. Doing any other act or thing likely to induce the mistaken belief that Defendants or their services or business are in any way approved by or affiliated, connected, or associated with Plaintiff or its services;

   c. Engaging in any unauthorized use, marketing, or display of Plaintiff's copyrighted work Retail Star 9.7 (Copyright Registration No. TX 7-631-128);

   d. Using in any manner, disclosing to any third party, or otherwise disseminating Plaintiff's confidential and proprietary information and trade secrets, including all customer lists and contact information, customer business information, needs and business methods, computer programs, documentation and manuals, business

        methods, plans and strategies, price data, business records, financial records, marketing plans, agreements with customers, suppliers, vendors, employees or other third parties, and all other non-public information, including all copies and derivatives thereof; and

    e.    Directly or indirectly soliciting, either on their behalf, or on behalf of others, any customer of Plaintiff for the purpose of diverting such customer to a competing product or service, or to otherwise cause such customer to cease its relationship with Plaintiff or alter the relationship to the detriment of Plaintiff.

4.    In light of the parties' stipulation, the requirement of posting an injunction bond is **WAIVED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 13, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record