**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

NEW CAM COMMERCE SOLUTIONS,
LLC d/b/a CAM COMMERCE
SOLUTIONS,

      Plaintiff,

v.                               Case No. 6:13-cv-334-Orl-37TBS

RETAIL AUTOMATION SOLUTIONS,
LLC d/b/a POSKARMA; KEITH
SANDERSON; DIANNE MCGEE;
ROBERT MACKENZIE; and LORI
FAMULARO,

      Defendants.

**ORDER**

This cause is before the Court on the following:

1. Renewed Stipulation and Joint Motion for Entry of Agreed Final Judgment and Permanent Injunction Against Defendant Robert MacKenzie (Doc. 76), filed May 9, 2014;

2. Renewed Stipulation and Joint Motion for Entry of Agreed Final Judgment and Permanent Injunction Against Dianne McGee (Doc. 77), filed May 9, 2014;

3. Stipulation and Joint Motion for Entry of Agreed Final Judgment and Permanent Injunction Against Defendants Retail Automation Solutions, LLC and Keith Sanderson (Doc. 79), filed May 9, 2014;

4. Plaintiff's Motion to Enforce Settlement with Defendant Lori Famularo or, Alternatively, Motion for Reconsideration (Doc. 82), filed May 14, 2014;

5. Order to Show Cause (Doc. 83), filed May 16, 2014; and

6. Defendant Lori Famularo's Response to the Order to Show Cause (Doc. 84), filed June 2, 2014.

Approximately one year ago, Defendants Dianne McGee, Robert MacKenzie, and Lori Famularo agreed to permanent injunctions against them, and the parties filed joint motions for the entry of judgment. (Docs. 39, 44, 46.) At that time, however, settlement negotiations with remaining Defendants Retail Automation Solutions ("RAS") and Keith Sanderson were ongoing. Therefore, the Court denied the motions without prejudice with directions to refile them at the end of the case, so as to avoid the entry of piecemeal judgments pursuant to Federal Rule of Civil Procedure 54(b). (Doc. 66.)

With the case recently settled as to all Defendants, Plaintiff sought to renew the joint motions for entry of judgment, which the Court allowed. (Docs. 74, 75.) Plaintiff then renewed the motions as to McGee and MacKenzie and filed a joint motion as to RAS and Sanderson. (Docs. 76, 77, 79.) However, Famularo refused the renewal of the joint motion to which she had previously agreed; thus, Plaintiff moved the Court to enforce the settlement against her, or alternatively, to reconsider the Court's denial without prejudice of the earlier joint motion. (Doc. 82.) The Court then ordered Famularo to show cause why the settlement agreement should not be enforced against her. (Doc. 83.)

Famularo responded, basically stating that when she signed the settlement agreement earlier, she was not working in the same industry as Plaintiff and therefore had no problem agreeing not to infringe on Plaintiff's protected materials. (Doc. 84.) Now that she is working in that industry again, she does not agree to the terms of the settlement that she previously signed and, essentially, wants leave to continue infringing at her

current job. (*See id.* at 3 ("I don't feel I should be penalized for just trying to protect my future business ventures. I'm a very small fish in a very large sea and I'm sure whatever business I do will not affect a multimillion dollar business like [Plaintiff].").) This explanation is unacceptable and certainly does not constitute good cause to let her out of her agreement.[1] *See Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985) ("[S]ettlements are highly favored and will be enforced whenever possible.").

Thus, the Court finds that Plaintiff's motion for reconsideration (Doc. 82) is due to be granted. The Court will reconsider its prior Order denying without prejudice the joint motion for entry of a permanent injunction against Famularo (Doc. 66); the Court finds that the motion is now due to be granted (Doc. 44). The Court also finds that the joint motions for entry of permanent injunctions against MacKenzie, McGee, RAS, and Sanderson are due to be granted. (Docs. 76, 77, 79.) The Court will enter a separate consolidated judgment against all Defendants pursuant to Federal Rule of Civil Procedure 58.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Renewed Stipulation and Joint Motion for Entry of Agreed Final Judgment and Permanent Injunction Against Defendant Robert MacKenzie (Doc. 76) is **GRANTED**.

2. Renewed Stipulation and Joint Motion for Entry of Agreed Final Judgment and Permanent Injunction Against Dianne McGee (Doc. 77) is **GRANTED**.

---

[1] The Court also ordered Famularo to show cause why costs and fees should not be taxed against her for Plaintiff's efforts to enforce the settlement agreement. (Doc. 83.) Though Famularo has not shown good cause in response, the Court declines to levy costs and fees against her due to the fact that she is proceeding *pro se.*

3. Stipulation and Joint Motion for Entry of Agreed Final Judgment and Permanent Injunction Against Defendants Retail Automation Solutions, LLC and Keith Sanderson (Doc. 79) is **GRANTED**.

4. Plaintiff's Motion to Enforce Settlement with Defendant Lori Famularo or, Alternatively, Motion for Reconsideration (Doc. 82) is **GRANTED**.

5. Order to Show Cause (Doc. 83) is **DISCHARGED**.

6. Stipulation and Joint Motion for Entry of Agreed Final Judgment and Permanent Injunction Against Defendant Lori Famularo (Doc. 44) is **GRANTED**. The Court's previous Order (Doc. 66) is **VACATED IN PART** to the extent that it denied without prejudice that joint motion (Doc. 44).

7. As soon as practicable, Plaintiff is **DIRECTED** to send copies of all of the stipulated final judgments in Word format to the Chambers email address.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 3, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro Se* Parties